**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| POPSOCKETS LLC | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| GIFTEKTM LLC and ZOE OZVEREN | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**

Plaintiff, PopSockets LLC ("PopSockets"), by and through its undersigned attorneys, for its Complaint for Patent Infringement and Copyright Infringement against Defendants GiftekTM LLC ("GiftekTM") and Zoe Ozveren ("Ozveren") (collectively, "Defendants"), hereby alleges:

**INTRODUCTION**

1. PopSockets is one of the nation's leading providers of grips and clip accessories for handheld electronic devices and its products are, and for several years have been, sold in stores and online throughout the country.

2. GiftekTM was incorporated in 2016 in the State of Texas.

3. Ozveren is and has been a substantial owner and manager of GiftekTM. On information and belief, Defendants have made unauthorized use of PopSockets' patented technology by importing, making, using, selling, and/or offering for sale counterfeit products that, but for inferior materials, construction, and operation, are nearly identical to the collapsible socket product covered by PopSockets' patent.

1

4. On information and belief, Defendants copied PopSockets' registered works of art from PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging and used these works of art to create strikingly or substantially similar versions of these works of art.

## NATURE OF THE CASE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 271 for Defendants' infringement of the U.S. Patent No. 8,560,031 (the "'031 Patent") and under the Copyright Act for Defendants' unlawful copying of PopSockets' registered works of art.

## THE PARTIES

6. PopSockets is a corporation organized under the laws of Colorado with its corporate headquarters and principle place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

7. GiftekTM is a corporation organized under the laws of Texas with its corporate headquarters and principle place of business at 20611 Rainbow Granite Drive, Richmond, Texas 77407-4139.

8. Ozveren is and has been the managing member and substantial owner of GiftekTM, and has an address of and resides at 20611 Rainbow Granite Drive, Richmond, Texas 77407-4139.

## JURISDICTION AND VENUE

9. The action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* and the copyright laws of the United States 17 U.S.C. § 101 *et seq*.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this District as well as have committed acts of infringement in this District and have a regular and established place of business in this District.

11. Personal jurisdiction exists over Defendants because: (1) Defendants are incorporated and have their principal places of business, or otherwise reside in this District, (2) Defendants regularly conduct business in this District and throughout this State, and (3) Defendants have committed, and continue to commit, acts of patent infringement and copyright infringement, and/or induced acts of patent infringement and copyright infringement by others, in this District and throughout this State.

## FACTUAL BACKGROUND

### The 8,560,031 Patent

12. PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '031 Patent, entitled "Extending Socket for Portable Media Player." The '031 Patent was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013. A copy of the '031 Patent is attached hereto as Exhibit A.

13. Mr. Barnett, named inventor of the inventions claimed in the '031 Patent, is the CEO of PopSockets.

14. PopSockets has been producing its collapsible socket product since 2012. PopSockets' collapsible socket product is well-known nationwide and carried in retail stores throughout the country such as Target and Best Buy.

15. Since its inception, PopSockets has been recognized and touted by major media outlets. In 2012, National Public Radio (NPR) recognized PopSockets' innovativeness. The Wall Street Journal identified PopSockets' collapsible socket product as the "best" compact

"smartphone support" accessory in 2015.  USA Today named PopSockets "the coolest tech you have to see" in 2015.  PopSockets won the "Fueling Innovation" contest sponsored by Mercedes Benz in 2013, was featured at the 2015 Consumer Electronics Show, and was the first recipient of Kate Galliet's "Fit For Real Life Seal of Approval" award in 2016.

16. PopSockets' collapsible socket product can be used in a variety of different ways.  For example, consumers can use PopSockets' collapsible socket as a grip for taking pictures, as a stand to prop up a mobile device, or to ease a consumer's texting, scrolling, or other common portable media player device uses.

17. PopSockets allows customers to customize the collapsible sockets with various graphics and designs.  PopSockets currently sells over 120 different decorative designs with various base and accordion colors.  In addition, users can upload graphics or images to customize the collapsible socket product.

18. To the extent required by law, PopSockets has complied with the provisions of 35 U.S.C. § 287.

19. Defendants' socket product ("Accused Product") is marketed as a smart phone expanding stand and grip.

20. On information and belief, Defendants are responsible for importing, making, using, selling, and offering for sale the Accused Product.

21. PopSockets sent a cease and desist letter to Defendant GiftekTM on May 16, 2017 notifying the company that it is infringing PopSockets' intellectual property rights.  In the letter, PopSockets specifically referenced its patent and trademark registrations and requested that GiftekTM cease distributing the Accused Product.  As of the date this Complaint was filed, PopSockets has not received a response from GiftekTM or Ozveren.

22. Defendants continue to promote, offer for sale, and sell the Accused Product on websites such as Amazon.com, Bonanza.com, and others.  Specifically, the Accused Product is sold at least on the following websites:

- https://www.amazon.com/s/ref=nb_sb_ss_c_1_8?url=search-alias%3Daps&field-keywords=GiftekTM&sprefix=GiftekTM%2Caps%2C327&crid=3JY9FNPK6E9Q0
- http://www.bonanza.com/users/22427262/profile
- https://www.ubuy.za.com/brand/GiftekTM
- http://fencingworkout.com/shop/Details/B06XRJYZSW/Smart-Phone-Expanding-Stand-and-Grip---Cell-P

23. Some of the Accused Products sold by Defendants incorporate aesthetic designs and graphics that closely resemble those used on PopSockets' products.

24. Each Defendant has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent in this District and elsewhere in the United States by importing, making, using, selling, and/or offering for sale the Accused Product.  Defendants' infringe claim 9 by importing, making, using, selling, and/or offering for sale the Accused Product which embodies:



A          B          C          D

      a.    a securing element for attaching the socket to the back of a portable media player or player case and an accordion forming a tapered shape connected to the securing element, as illustrated in figures C and D above.

      b.    an accordion that is capable of extending outward generally along its axis from the portable media player or player case and retracting back toward the portable media player or player case by collapsing generally along its axis, as illustrated in figures A, B, and C above.

25.    Examples of Defendants' infringement of claim 16 includes performing the claimed method steps of:

      a.    attaching a socket including the accordion to a portable media player or player case, as shown in figure D above.

      b.    selectively extending the socket by unfolding the accordion generally along its axis, as shown in figure C above.

      c.    selectively retracting the socket by folding the accordion generally along its axis such that the walls fold next to each other, as shown in figure A.

## Defendants' Unauthorized Use of PopSockets' Works of Art

26.    PopSockets holds and owns the copyrights in the works of art, attached hereto as Exhibit B ("Works of Art"), that were unlawfully copied by Defendants. *See* Reg. Nos. VA0002058463; VA0002058435; VA0002058466; VA0002058447; VA0002058459; VA0002058443; VA0002058815.

27. PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging include illustrations of its collapsible socket product, including the graphics copied by Defendants.

28. On information and belief, in their promotion of the Accused Product, and without permission or authorization from PopSockets, Defendants copied and used, and continues to use, at least seven Works of Art, shown below, that are either identical or strikingly or substantially similar to graphics displayed on PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.



| PopSockets' Registered Works of Art | Defendants' Use of the Works of Art |
|---|---|

### Relationship Between the Defendants

29. On information and belief, GiftekTM has been operated by Ozveren since the company's inception.

30. Ozveren is the registered agent and managing member of GiftekTM.

31. On information and belief, Ozveren formed GiftekTM to market and sell the Accused Product.

32. Ozveren and GiftekTM share the same address.

33. Ozveren applied to register the trademark PROP GRIPS with the United States Patent and Trademark Office. Ozveren listed herself as the owner of the application and used GiftekTM e-mail addresses, "sales@buygiftek.com" and "giftektm@gmail.com," as her contact.

34. In order to prove use of the PROP GRIPS trademark in commerce, Ozveren uploaded a photo of product packaging, shown below, that includes strikingly or substantially similar variations of PopSockets' Works of Art:



**COUNT ONE**
**INFRINGEMENT OF THE '031 PATENT BY GIFTEKTM**

35. PopSockets hereby incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. GiftekTM has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent.

37. GiftekTM has directly infringed and continues to directly infringe the '031 Patent by importing, making, using, selling, and/or offering for sale the Accused Product.

38. On information and belief, GiftekTM has willfully infringed and continues to willfully infringe the '031 Patent despite knowledge of the '031 Patent (at least as of the date PopSockets sent the cease and desist letter to GiftekTM, and likely before through PopSockets' patent markings) and despite an objectively high likelihood that the sale and use of the Accused Product would infringe one or more claims of the '031 Patent. GiftekTM's knowledge of the '031 Patent and its claimed invention is further evidenced by GiftekTM's copying and use of Works of Art from PopSockets' website and product packaging that depict PopSockets' collapsible socket product embodying the claimed inventions.

39. On information and belief, GiftekTM indirectly infringes one or more claims of the '031 Patent by inducing its customers' infringement through the use of the Accused Product. On information and belief, GiftekTM knew or should have known that its acts would result in the actual infringement of one or more of the claims of the '031 Patent by one or more of its customers and thereby intended such infringement.

40. GiftekTM's acts did, in fact, induce such infringement of one or more claims of the '031 Patent by instructing and encouraging these persons, by means of promotional and instructional guides, and/or physical demonstration, to use the Accused Product in a manner that infringed the '031 Patent. By following these instructions, GiftekTM's customers have directly infringed and continue to directly infringe at least claims 9 and 16 of the '031 Patent.

41. As a direct and proximate consequence of GiftekTM's infringement of the '031 Patent, PopSockets has suffered and will continue to suffer irreparable injury and damages in an amount that an award of money would never be adequate to fully remedy, for which PopSockets

is entitled to relief. PopSockets seeks damages, as well as injunctive relief against further infringement.

## COUNT TWO
## INFRINGEMENT OF THE '031 PATENT BY OZVEREN

42. PopSockets hereby incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. On information and belief, Ozveren actively assisted, and continues to assist, with GiftekTM's infringement of the '031 Patent and is liable for inducing infringement.

44. On information and belief, as the managing member and substantial owner of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM and had knowledge of PopSockets' patented technologies and the '031 Patent at least as of the date the cease and desist letter was received by GiftekTM, and likely before through PopSockets' patent markings. Despite such knowledge and awareness, on information and belief, Ozveren intentionally directed GiftekTM to perform the actions giving rise to GiftekTM's infringement of the '031 Patent.

## COUNT THREE
## COPYRIGHT INFRINGEMENT BY GIFTEKTM

45. PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit B. The copyright registration certificates for each work are attached as Exhibit C.

47. Each of the Works of Art contained in Exhibit B are copyrightable subject matter under the laws of the United States.

48. Direct proof of access is not required for strikingly similar works such as those used by GiftekTM, but even so, GiftekTM had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

49. GiftekTM has never asked for permission to use or reproduce the Works of Art.

50. GiftekTM used, and continues to use, graphics that are identical or strikingly or substantially similar to PopSockets' registered Works of Art in its promotion of the Accused Product.

51. GiftekTM copied and reproduced identical or strikingly or substantially similar versions of the Works of Art without PopSockets' consent.

52. GiftekTM engaged, and continues to engage in acts of infringement by using the Works of Art that are identical or strikingly or substantially similar variations in materials distributed to third parties.

53. PopSockets is informed and thereon alleges that GiftekTM further infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and distributing reproductions without PopSockets' permission.

54. GiftekTM's aforesaid acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

55. PopSockets is entitled to injunctive relief prohibiting GiftekTM's further infringement.

## COUNT FOUR
## COPYRIGHT INFRINGEMENT BY OZVEREN

56. PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit B. The copyright registration certificates for each work are attached as Exhibit C.

58. Each of the Works of Art contained in Exhibit B are copyrightable subject matter under the laws of the United States.

59. Direct proof of access is not required for strikingly similar works such as those used by GiftekTM, but even so, Ozveren had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

60. PopSockets is informed and thereon alleges that Ozveren infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and distributing reproductions without PopSockets' permission.

61. Ozveren infringed PopSockets' Works of Art by submitting product packaging that includes identical or strikingly or substantially similar graphics to the United States Patent and Trademark Office as part of the PROP GRIPS trademark application.

62. On information and belief, as the managing member and substantial owner of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

63. On information and belief, Ozveren instructed and induced GiftekTM to use the infringing Works of Art which lead to the infringing uses, and therefore Ozveren engaged in contributory copyright infringement.

64. Ozveren's aforementioned acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

65. In the alternative, Ozveren has or has had a direct financial interest in the creation, publication, and distribution of the infringing Works of Art, and has had the power or ability to supervise and control the creation, publication, and distribution of the infringing Works of Art, but failed to prevent the infringement of PopSockets' copyrights.  Ozveren is therefore liable for vicarious infringement of PopSockets' copyrights by GiftekTM.

66. PopSockets is entitled to injunctive relief prohibiting Ozveren's further infringement.

## PRAYER FOR RELIEF

PopSockets requests that the Court enter judgment against Defendants as follows:

A. The '031 Patent has been infringed by each Defendant;

B. Each Defendant's infringement of the '031 Patent has been willful;

C. An injunction against further infringement of the '031 Patent;

D. PopSockets' copyrights in the Works of Art have been infringed by each Defendant;

E. An injunction against further infringement of PopSockets' copyrights;

F. An award of damages not less than a reasonable royalty, together with pre-judgment and post-judgment interest to compensate for Defendants' infringement of the '031 Patent and copyrights as allowed by law;

G. An award to PopSockets for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' unlawful conduct, as provided under 35 U.S.C. § 284;

H.     A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to PopSockets of its costs, expenses, and reasonable attorneys' fees incurred in this action;

I.     Order the impoundment and destruction of all copies of the infringing work in the possession or control of any of the Defendants or their agents, employees, and affiliated companies;

J.     Award PopSockets statutory damages, or such actual damages as it has sustained as a result of Defendants' copyright infringement, pursuant to 17 U.S.C. § 504(b);

K.     Require Defendants to account for and disgorge to PopSockets all gains, profits, and advantages derived by its copyright infringement, pursuant to 17 U.S.C. § 504(b);

L.     Award PopSockets attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

M.     Such other equitable or legal relief as this Court deems just and proper under the circumstances.

Date:  August 11, 2017                    Respectfully submitted,

By:   /s/ Robert J. McAughan, Jr
Robert J. McAughan, Jr.
Initial Attorney in Charge
SUTTON McAUGHAN DEAVER PLLC
S.D. Tex. ID No. 16501
David L. Terrell
S.D. Tex. ID No. 986024
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699
bmcaughan@SMD-IPLaw.com
dterrell@SMD-IPLaw.com

*Of Counsel, Motion for Pro Hoc Admission Forthcoming:*
Benjamin T. Horton
Illinois Bar No. 6286428
Tron Y. Fu
Illinois Bar No. 6309042
Michelle Bolos
Illinois Bar No. 6323655
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: bhorton@marshallip.com
E: tfu@marshallip.com
E: mbolos@marshallip.com

*Attorneys for Plaintiff PopSockets LLC*